Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 6799 | DATE | Sept. 17, 2004 |
| CASE TITLE | Laborers Pension | v | Paragon Paving, Inc. |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOJune 14, 2004CKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing set for
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum opinion and order entered. Accordingly, defendants' motion for summary judgment on counts I and III is granted. Defendants' motion to strike plaintiff's response brief and L.R. 56.1 statement is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 21 2004 date docketed | |
| | Docketing to mail notices. | | | 51 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | GDS courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANNA MUSTAFA, )
 )
       Plaintiff, )
 )  No. 03 C 6799
v. )
 )  Judge Robert W. Gettleman
SGT. JOSEPH GAWLIK, Star No. 1509, )
OFFICER C. BURKE, Star No. 17604, OFFICER )
T. LYNCH, Star No. 3061, OFFICER SUSAN )
SCHOBER, Star No. 14295, OFFICER E. )
RIORDAN, Star No. 6767, )
 )  SEP 2 1 2004
       Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Anna Mustafa has sued Chicago Police Officers Joseph Gawlik, C. Burke, Susan Schober, and E. Riordan under 42 U.S.C. § 1983, alleging false arrest (Count I), excessive force against defendant Burke (Count II), and violations of her constitutional right to equal protection under the law (Count III).[1] Defendants have moved for summary judgment on Counts I and III.[2] For the reasons set forth below, defendants' motion is granted.

## FACTS

On December 28, 2001, just three and one-half months after the September 11, 2001, attacks on this country, plaintiff was at O'Hare Airport to fly by Swissair to Tel Aviv, Israel, to attend her father's funeral. At the check-in counter she told the agent that she wanted a "Muslim" meal. Immediately after that her luggage was selected to be screened through a bomb

---

[1] Plaintiff's amended complaint contains seven counts. Counts IV through VII have been dismissed previously by plaintiff.

[2] Defendants have also moved to strike plaintiff's response brief and L.R. 56.1 Statement. Those motions are denied as moot.

detection machine. Believing that she was being singled out because of her Muslim faith, plaintiff began to complain. She became agitated and began to question why her purse was not also checked, shouting a number of times, "Maybe I have a bomb in my purse." It is unquestioned that the area was crowded and that her actions created a disturbance.

Muhammed Qadeer, the Swissair manager to whom most of the comments were directed, told another Swissair manager to call the police. When the police arrived approximately five minutes later, plaintiff was still shouting. Qadeer told the first officer to arrive, defendant Schober, that, "She make a bomb threat, says this thing like she had a bomb in the purse, . . . maybe I have a bomb in my purse."

Schober attempted to interview plaintiff, but plaintiff was screaming and uncooperative. Schober claims, however, that plaintiff acknowledged that, "I may have said that I have a bomb in my purse." Plaintiff denies telling that to Schober.

Other officers arrived at the scene, and ultimately a decision was made to arrest plaintiff. Qadeer signed a criminal complaint indicating that plaintiff "knowing and intentionally stated that she may have a bomb in her purse as she was checking in for Swissair Flight No. 125 to Zurich."

Schober filled out an arrest report indicating that plaintiff was arrested on a charge of Felony Disorderly Conduct - Bomb Threat, in violation of 720 ILCS 5/26-1(a)(3). A grand jury returned an indictment against plaintiff for Felony Disorderly Conduct. A bench trial commenced on August 21, 2002, and concluded, after a lengthy recess, on November 8, 2002. The judge found that plaintiff had in fact stated words such as, "Maybe I have a bomb in my

purse," but nonetheless found plaintiff not guilty because the evidence indicated that officials on the scene did not ever actually believe that plaintiff had a bomb.[3]

## DISCUSSION

Plaintiff was arrested, charged with and acquitted of Felony Disorderly Conduct, in violation of 720 ILCS 5-26-1(a)(3), which provides:

> A person commits disorderly conduct when he knowingly transmits or causes to be transmitted in any manner to another a false alarm to the effect that a bomb or other explosive of any nature . . . is concealed in such a place that its explosion or release would endanger human life, knowing at the time of such transmission that there is no reasonable grounds for believing that such bomb . . . is concealed in such place.

In Counts I and III plaintiff charges defendants with false arrest in violation of the Fourth and Fourteenth Amendments and violation of the Equal Protection Clause. Defendants have moved for summary judgment on both counts, arguing that there was probable cause to arrest plaintiff and, even if there was not, they are shielded from a suit for damages by qualified immunity.

Plaintiff's response focuses on the language of the statute and the words uttered by her at the airport. According to plaintiff, subsection (a)(3) of the Disorderly Conduct Statute makes it illegal only to state that a bomb _is_ concealed. The undisputed evidence, however, demonstrates that plaintiff stated only that she "_may_" have a bomb in her purse, not that she actually did have one. Therefore, plaintiff argues, defendants knew or should have known that plaintiff did not

---

[3] It is unclear from the trial transcript why the judge concluded that causing bystanders to believe the statement was an element of the offense. Later case law demonstrates that the court's conclusion was erroneous. See People v. Barron, 343 Ill. App.3d 109, 114 (1st Dist. 2004).

3

violate the plain wording of the statute and knew or should have known that they did not have probable cause to arrest plaintiff.

Law enforcement officers have probable cause to arrest an individual "when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense." Kelly v. Myler, 149 F.3d 641, 646 (7th Cir. 1998). The court evaluates probable cause "not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer – seeing what he saw, hearing what he heard." Id. See also Woods v. City of Chicago, 234 F.3d 979, 987 (7th Cir. 2000).

In the instant case, the officers came upon a scene where plaintiff was clearly causing some sort of a disturbance and had repeatedly made remarks to the effect that she may have had a bomb. Although possible, maybe even likely, that the persons to whom plaintiff made the remarks understood that plaintiff was complaining about the manner of her treatment rather than actually meaning that she did in fact have a bomb, it is clear that persons in the surrounding area where disturbed by the remarks. Additionally, Qadeer, the Swissair manager, had told the officers that plaintiff was making a bomb threat. Once a reasonably credible witness or victim informs the police that someone has committed a crime, the police have probable cause to arrest the suspect, and the existence of probable cause does not depend on the actual truth of the complaint. Woods, 234 F.3d at 987 (citing Jenkins v. Kentucky, 147 F.3d 577, 585 (7th Cir. 1998), Kelly, 149 F.3d at 647). Thus, Qadeer's complaint was sufficient to supply probable cause to arrest, even if Qadeer never really believed that plaintiff had a bomb. Given the security

4

concerns and sensitivities of the country in general and air travelers in particular shortly after the September 11 attacks, it was manifestly reasonable for the officers to conclude that plaintiff had disturbed the peace. Thus, the court holds that defendants had probable cause to arrest plaintiff.

Moreover, even if the court were to accept plaintiff's narrow interpretation of the statute, a position that no Illinois court has as of yet reached and that this court need not decide, and were to find that plaintiff's comments fell outside the statute's restrictions, plaintiff still cannot prevail because the officers are shielded by qualified immunity.

"Government officials performing discretionary functions generally are shielded from liability of civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The determination of whether defendants' conduct violates clearly established law involves a two-step inquiry. First, plaintiff bears the burden of showing that the law was clearly established when the challenged conduct occurred, or "whether the law was clear in relation to the specific facts confronting" defendants when they acted. Biddle v. Martin, 992 F.2d 673, 675-76 (7th Cir. 1993). Next, the court considers whether reasonably competent officials would agree on the application of the clearly established right to a given set of facts. Id.

In the instant case, there is no dispute that plaintiff had a right to be free from arrest without probable cause. Thus, the inquiry is whether the undisputed facts demonstrate an objective reasonableness to defendants' actions. Put another way, qualified immunity shields defendants from plaintiff's damage action if "a reasonable officer could have believed [plaintiff's] arrest to be lawful, in light of clearly established law and the information the arresting officer possessed." Id. at 676 (quoting Hunter v. Bryant, 502 U.S. 224 (1991).

Again, given the circumstances of the instant case, the court concludes that a reasonable officer could have believed plaintiff's arrest to be lawful, particularly since no Illinois court has held that comments such as those made by plaintiff would necessarily fall outside the scope of the statute.

Moreover, in § 1983 actions for false arrest, probable cause need not have existed for the charge for which the plaintiff was arrested, so long as probable cause existed for arrest on a closely related charge. Police officers are not required to be legal scholars. An arresting officer's knowledge of facts sufficient to support probable cause is more important to the evaluation of the propriety of an arrest than the officer's understanding of the legal basis for the arrest. Williams v. Jawlowski, 269 F.3d 778, 783 (7th Cir. 2001)(citing Richardson v. Bonds, 860 F.2d 1427, 1430-31 (7th Cir. 1998)).

Therefore, if reasonable officers could have believed that they had probable cause to arrest plaintiff for the offense charged or any related charge, plaintiff's § 1983 charge must fail. Biddle, 992 F.2d at 676. As plaintiff herself admits, defendants could have arrested plaintiff for making an alleged bomb threat under 720 ILCS 5-26-1(a)(1), which includes any act performed in such unreasonable manner as to alarm or disturb another and provoke a breach of peace. Given the undisputed fact that plaintiff's statements caused alarm among other travelers there can be no question that defendants had probable cause to arrest plaintiff. Accordingly, defendant's motion for summary judgment on Counts I and III is granted.[4] Because this leaves Count II for

---

[4]Plaintiff does not dispute that the existence of probable cause to arrest defeats her equal protection claim in Count III. See Abrams v. Walker, 307 F.3d 650, 659 (7th Cir. 2002).

excessive force against Officer Burke as the only pending claim, all defendants except Officer Burke are dismissed.

## CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment on Counts I and III is granted. Defendants' motion to strike plaintiff's response brief and L.R. 56.1 Statement is denied as moot. ~~A report on status is set for September 25, 2004, at 9:00 a.m.~~

**ENTER:** **September 17, 2004**

_____
**Robert W. Gettleman**
**United States District Judge**